## BENEDICT et al. v. UNITED STATES.
### No. 48463.

United States Court of Claims.
Jan. 3, 1949.

MADDEN, J., dissenting.

———————◆———————

Theodore Pearson, of New York City (William H. Harrar and Rathbone, Perry, Kelley & Drye, all of New York City, on the brief), for plaintiffs.

Elizabeth B. Davis, of Washington, D. C., and Asst. Atty. Gen. Theron Lamar Caudle, (Andrew D. Sharpe and Lee A. Jackson, both of Washington, D. C., on the brief), for defendant.

The terms of a will creating a trust required that 45% of the income of the trust be paid to a charitable corporation, and pursuant thereto such part of the total income of the trust for 1944 (after expenses), including long-term capital gains, was permanently set aside for such charitable use. The question is whether the trust is entitled under Section 162(a), 26 U.S.C.A. § 162(a), to deduct on the fiduciary return 45% of the full amount of the capital gains of $60,374.01 so set aside, or only 50% thereof in view of, Section 117(a) (4) and (b), which provides, for the purpose of computing taxable net income, that only 50% of long-term capital gains shall be included in determining net capital gain and net income, subject to the tax.

### Special Findings of Fact

1. The plaintiffs are trustees of the trust created under the will of John E. Andrus, who died a resident of the State of New York on December 26, 1934. A fiduciary income tax return was filed for the fiscal year ended April 30, 1944, on July 10, 1944, showing a net income taxable to the fiduciary of $16,421.58 and tax due of $5,297.57 which plaintiffs paid July 11, 1944. Thereafter upon examination of the return, the Commissioner of Internal Revenue determined the tax payable on the net income of $16,421.58 to be $5,480.35, and asserted a deficiency of $182.78 which plaintiffs paid together with interest of $23.97, on March 15, 1947.

2. Under the provisions of the trust provided under the will, 45% of the plaintiffs' income for the fiscal year 1944 was permanently set aside for the Surdna Foundation, Inc., a corporation organized, under the laws of the State of New York, exclusively for charitable purposes, payments to which are deductible as contributions under Section 23(o) of the Internal Revenue Code, 26 U.S.C.A. § 23(o). The will provided, so far as here material, as follows:

Fourth: All the rest, residue and remainder of my estate, real, personal or mixed, of any kind or nature and wheresoever situated, I give, devise and bequeath to * * * In Trust, * * * to collect and receive the rents, issues and profits thereof (hereinafter called "income") and after first paying therefrom all proper expenses to divide the net income into one hundred (100) parts, and to pay the same quarterly or at such other intervals as shall be convenient in the administration of the trust as follows:

Forty-five (45) parts thereof to Surdna Foundation, Inc., a corporation organized and existing under the laws of the State of New York.

* * * * * *

On the termination of the trust, I direct my Trustees to transfer, convey, assign and set over forty-five (45) parts of the capital of the trust as it shall then exist to Surdna Foundation, Inc., and the remaining fifty-five (55) parts to the persons receiving the income therefrom at the termination of the trust, in the same proportions as they are then receiving the income thereof, and I give, devise and bequeath the same accordingly.

Fifth: I hereby authorize and empower my Trustees to hold, sell, mortgage, ex-

change, lease, dispose of, invest, reinvest, manage, operate, and control the principal of the trust property in whatever form the same may at any time be during the continuation of the trust as fully and freely as I could have managed and disposed of the same if living, without regard to any restrictions to which trustees are ordinarily subject, statutory or otherwise. * * *

3. The gross income of the trust of 1944, other than gain from capital assets, was $270,169.92. Plaintiffs had deductions of $29,602.19, leaving a balance of $240,567.73, which amount was also the amount currently distributable to beneficiaries. Plaintiffs had a gross long-term capital gain of $60,374.01, of which $30,187.01 was taken into account in computing taxable net income; said $30,187.01 was reduced by a 1942 carryover of $329.60, leaving a balance of $29,857.41. In preparing the fiduciary return, plaintiffs deducted $13,435.83, 45% of the amount of $29,857.41, which represented Surdna Foundation's portion of said $29,857.41. Surdna Foundation actually got 45% of the $60,374.01. The computation made by the trustees left the amount of $16,421.58, which they reported on the return as "Net Taxable Gain Taxable to Trustee," said amount being the net income shown by the return, and the tax of $5,297.57 was computed thereon, as set forth above.

4. On June 24, 1947, plaintiffs filed a claim for refund of the tax paid for 1944 in the amount of $5,157.41. In the statement supporting the refund claim, the ground upon which refund is sought is set forth as follows:

45% of the income of the Trustees herein, under the will of the decedent John E. Andrus, is required to be paid or permanently set aside to Surdna Foundation, Inc., a New York charitable corporation. In computing the net income of the Trustees for the year ended April 30, 1944, instead of deducting $27,168.31 representing 45% of the income so paid or permanently set aside to Surdna Foundation, only $13,435.83 was deducted, the latter amount having been based upon the portion of capital gains taken into account.

The Tax Court of the United States on August 16, 1946, determined in the case of the Trust under agreement, dated December 30, 1921, by John E. Andrus deceased (Trust #1) 7 T.C. 573, that the entire amount so paid or permanently set aside is deductible under Section 162(a) of the Internal Revenue Code. The provisions of the Trust under the will of John E. Andrus are substantially identical with those of the Trust considered by the Tax Court in the above decision, insofar as the matter covered by the refund claim herein is concerned.

On the authority of said decision, request is made for the allowance of a deduction under Section 162(a) of the Code of $27,168.31 in computing our net income requiring the refund claimed herein.

The claim had not been acted upon by the Commissioner of Internal Revenue prior to the filing of the petition herein nor has any portion of the sum demanded been refunded or credited to plaintiffs.

5. If the allowable deduction for charitable contributions is to be calculated on the basis of 45% of the aforesaid $29,857.41, judgment must be entered for the defendant. If said deduction for charitable contributions is to be calculated on the basis of 45% of the aforesaid total gain of $60,374.01, the amount of the allowable deduction would be $27,168.31 and the allowance of such amount as a deduction would result in an overpayment of income tax for the year ended April 30, 1944, in the amount of $4,962.43.

## Conclusion of Law

Upon the foregoing special findings of fact which are made a part of the judgment herein, the court concludes as a matter of law that the plaintiffs are entitled to recover $4,962.43, with interest as provided by law.

It is therefore adjudged and ordered that plaintiffs recover of and from the United States four thousand nine hundred sixty-two dollars and forty-three cents ($4,962.43) together with interest at six percent per annum on $4,755.68 from July 11, 1944, and on $206.75 from March 15, 1947, until such date as the Commissioner of Internal Revenue may determine in accordance with Section 3771 of Title 26 U.S.C.A.

720

## Opinion

Before JONES, Chief Judge, and LITTLETON, HOWELL, and WHITAKER, Judges.

LITTLETON, Judge.

Under the terms of the fourth article of the will of John E. Andrus, creating a trust, 45% of the income of the trust including the income, gains and profits derived from the sale or exchange of property of the trust, was required to be paid to the Surdna Foundation, Inc., a charitable corporation. The balance of 55% of such income was to be divided into certain stated amounts and paid to ten individuals (finding 2). As shown in finding 3, the trust had a gross income for the fiscal year ending April 30, 1944, not including long-term capital gains, of $270,169.92 from which there were allowable deductions of $29,602.19, leaving a net balance of $240,567.73, which was a part of the income of the trust distributable to the beneficiaries named under the fourth article of the will. In addition, the trust had further income consisting of gains and profits totaling $60,374.01, which amount was likewise distributable, derived from the sale of certain properties of the trust. These properties consisted of capital assets within the meaning of Section 117(a) and (b), Internal Revenue Code, 26 U.S.C.A. § 117(a, b), and had been held by the trust for more than six months. After deduction of expenses, forty-five percent of the entire income of the trust of $300,941.74 was paid to or permanently set aside by the trustees for the Surdna Foundation.

The question presented is whether the trust is entitled, in computing the net income upon which it may be taxable, to deduct, under Sections 22 and 162, U.S.C.A., Title 26, 45% of the full amount of the gains and profits of $60,374.01, or only forty-five percent of one-half thereof or $30,187.01 by reason of the "Capital Gains" provisions of Section 117(a) and (b), U.S.C.A., Title 26. The pertinent provisions of the Internal Revenue Code relating to the question are set forth below.[1]

■ The defendant says with respect to the gains and profits of $60,374.01, that the trust is entitled to a deduction for charitable contributions of only 45% of $29,857.41 thereof ($30,187.01 less a carry-over of $329.60) by reason of the provisions of Section 117(a) and (b), which section, defendant insists, defines "gross income"

---

[1] "§ 22. Gross Income

"(a) General Definition. 'Gross income' includes gains, profits, and income derived from * * * sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property; * * *.

"(f) Determination of Gain or Loss. In the case of a sale or other disposition of property, the gain or loss shall be computed as provided in section 111."

"§ 111. Determination of Amount of, and Recognition of, Gain or Loss

"(a) Computation of Gain or Loss. The gain from the sale or other disposition of property shall be the excess of the amount realized therefrom over the adjusted basis provided in section 113 (b) for determining gain • * * *."

"§ 117. Capital gains and losses

"(a) Definitions. As used in this chapter—

* * * * * *

"(4) Long-term capital gain. The term 'long-term capital gain' means gain from the sale or exchange of a capital asset held for more than 6 months, if and to the extent such gain is taken into account in computing net income;

* * * * * *

"(b) Percentage taken into account. In the case of a taxpayer, other than a corporation, only the following percentages of the gain or loss recognized upon the sale or exchange of a capital asset shall be taken into account in computing net capital gain, net capital loss, and net income:

"100 per centum if the capital asset has been held for not more than 6 months;

"50 per centum if the capital asset has been held for more than 6 months."

"§ 162. Net income

"The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that—

"(a) There shall be allowed as a deduction (in lieu of the deduction for charitable, etc., contributions authorized by section 23 (o) ) any part of the gross income, without limitation, which pursuant to the terms of the will or deed creating the trust, is during the taxable year paid or permanently set aside for the purposes and in the manner specified in section 23 (o), or is to be used exclusively for religious, charitable, scientific, literary, or educational purposes. * * *."

in the case of a "long-term capital gain" for the purpose of the deduction provided in Section 162, and limits the definition of "gross income" and "gain from the sale of property," as set forth in Sections 22 (a) and (f), 162(a) and 111(a), respectively. We cannot agree. In our opinion the defendants attempt to limit the deduction for charitable purposes of "any part of the gross income, without limitation," in part to net income, represents a narrow and strained construction of the several sections mentioned which, we think, was not in the mind of Congress or intended by it when the capital gains provisions of Section 117 were enacted. We think the principle announced in Helvering v. Bliss, 293 U.S. 144, 55 S.Ct. 17, 79 L.Ed. 246, 95 A.L.R. 207, and United States v. Pleasants, 305 U.S. 357, 59 S.Ct. 281, 83 L.Ed. 217, with reference to the intention of Congress not to place further limitations on charitable contributions and the limited purpose intended to be accomplished in connection with taxation of capital gains and deduction of capital losses, is applicable here and supports the plaintiffs' claim. Sections 22 and 111, supra, define gains derived from the sale or disposition of property including capital assets. These gains, as so defined, must be reported in the return and they are taxable as income in whole or in part under the capital gains provisions of Section 117, depending upon the length of time the assets had been held. The allowance under 162(a) is out of total income rather than net taxable income. The liberal attitude of Congress as expressed in Section 117 with respect to the taxation of a capital gain by including only one-half thereof in net income, under certain circumstances, was not intended, in our opinion, to modify the definition of gross income. In this case the trust had a gain of $60,374.01 within the meaning and under the plain language of Sections 22 and 111, and, for the purpose of the deduction provided in Section 162(a), that gain was a part of the gross income of the trust. The percentage limitation, set forth in Section 117, was enacted for the sole purpose of giving lighter tax treatment to certain capital gains and ought not to be read into Section 162(a) for the purpose of limiting the amount of the deduction for charitable contributions. The original purpose intended by the capital gains provisions was retained. Section 162(a), like Sections 22 and 111, deals with gross income and total gains and profits for the taxable year out of which the charitable contributions are made. Section 117 deals only with net capital gain, net capital loss and net income which is to be subjected to the tax. The total gain of the taxpayer is nevertheless the gain defined by Sections 22 and 111, and must be considered and reported as gross income in the first instance. This must be true because Section 117 taxes the entire gain as net income under certain circumstances.

The total gain must be classified in the computation of net taxable income according to the periods through which the various assets have been held and this classification is made solely for the purpose of the special tax on capital gains, based on the adventitious point of how long the asset had been owned and held by the taxpayer before it was disposed of. Lockhart v. Commissioner, 1 T.C. 804, 807.

In our opinion the ordinary and natural meaning of the language of Sections 22 and 111, supra, support the views we have expressed above, and we cannot find in the language of Section 117, or the reports of the Congressional committees thereon, any support for the position that Congress intended thereby to limit or modify the term "gross income," as used in Sections 22 and 162(a), for the purpose of determining the amount of the deduction for charitable contributions by estates or trusts. In our opinion the decisioin of the Tax Court in John E. Andrus Trust No. 1 v. Commissioner, 7 T.C. 573, which involved the same question we have here, was correct, and we are unable to concur in the decision of the Court of Appeals in Commissioner v. Central Hanover Bank & Trust Co., 2 Cir., 163 F.2d 208, 210, in which the court said:

"Accordingly the amount of long-term capital gain not taken into account under § 117 does not constitute gross income of the trust under § 22(a). And, since the deduction allowed by § 162(a) is restricted to payments made out of 'gross income,' the deduction here must be limited to that

portion of the charitable gift which was made out of statutory gross income."

We cannot escape the conclusion that the above holding limits the deduction for charitable contributions in part to net income. In our opinion Section 117(a) (4) recognizes as gross income the entire gain defined by Sections 22 and 111, and then classifies such gain as a "long-term capital gain" for special treatment in computing net income only if the asset from which such total or gross gain was derived, had been held for more than 6 months.

Plaintiffs are entitled to recover, and, under finding 5, judgment will be entered in their favor for $4,962.43 with interest as provided by law. It is so ordered.

HOWELL, and WHITAKER, Judges; and JONES, Chief Judge, concur.

MADDEN, Judge (dissenting).

I am unable to agree with the decision of the Court. My reasons are, in general, those given by the Court in Commissioner v. Central Hanover Bank & Trust Co., 2 Cir., 163 F.2d 208.